# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **ANTONIO TERAN and OMAR SANCHEZ-PONCE,** Defendants. | **ORDER TO SHOW CAUSE** Case No. 2:10-cr-138-CW-PMW **District Judge Clark Waddoups** **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

In an order dated December 21, 2010, this court denied attorney Lance C. Starr's ("Mr. Starr") motion to withdraw as counsel of record for Omar Sanchez-Ponce ("Defendant").[2] In his motion, Mr. Starr indicated that Defendant wished to pursue an appeal. However, Mr. Starr requested that he be allowed to withdraw because his representation agreement provided that he would represent Defendant only through trial and sentencing. This court denied Mr. Starr's motion pursuant to rule 46.3 of the Tenth Circuit Rules, which sets forth the responsibilities of counsel in criminal cases. *See* 10th Cir. R. 46.3(A). Notwithstanding the content of his agreement with Defendant, rule 46.3(A) provides that "[t]rial counsel must continue to represent

---

[1] *See* docket no. 112.

[2] *See* docket no. 99.

the defendant until either the time for appeal has elapsed and no appeal has been taken or [the Tenth Circuit] has relieved counsel of that duty." *Id*. Pursuant to that rule, the court informed Mr. Starr that he had a duty to continue to represent Defendant on appeal, unless and until the Tenth Circuit relieved him of that duty. *See id*. The court also informed Mr. Starr that any motion to withdraw as counsel of record for Defendant must be filed with the Tenth Circuit, not this court. *See id*.; *see also* 10th Cir. R. 46.4(A) (providing the requirements for a motion to withdraw in a criminal appeal in the Tenth Circuit).

In addition to Mr. Starr's own indication in his motion to withdraw that Defendant wished to pursue an appeal, the court has received several documents from Defendant confirming his desire to pursue an appeal.[3] Notwithstanding all of those indications, Mr. Starr never filed a timely notice of appeal on Defendant's behalf. Further, Mr. Starr has not provided this court with any indication that the Tenth Circuit has relieved him of his duty to continue to represent Defendant by, at minimum, filing a timely notice of appeal.

For these reasons, Mr. Starr is **HEREBY ORDERED TO SHOW CAUSE** why he did not file a timely notice of appeal on Defendant's behalf. Within ten (10) days of receipt of this order, Mr. Starr is directed to respond by way of a written letter to the court. If the court finds Mr. Starr's written response to be sufficient, no further action will be taken. If, on the other

---

[3] *See* docket nos. 101, 106, 110.

hand, the court find's Mr. Starr's written response to be deficient in any way, the court will schedule a show-cause hearing.

**IT IS SO ORDERED**.

DATED this 4th day of May, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge