# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ANTONIO TERAN and OMAR SANCHEZ-PONCE,** <br><br> **Defendants.** | **ORDER** <br><br> **Case No. 2:10-cr-138-CW-PMW** <br><br> **District Judge Clark Waddoups** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

On May 4, 2011, this court issued an order requiring Lance C. Starr ("Mr. Starr"), counsel for Omar Sanchez-Ponce ("Defendant"), to show cause why he did not file a timely notice of appeal on Defendant's behalf, despite timely indications from both Mr. Starr[2] and Defendant[3] that Defendant wished to pursue an appeal. *See* 10th Cir. R. 46.3(A) ("Trial counsel must continue to represent the defendant until either the time for appeal has elapsed and no appeal has been taken or [the Tenth Circuit] has relieved counsel of that duty."). The court ordered Mr. Starr to respond to the order to show cause within ten (10) days of his receipt of the order by way

---

[1] *See* docket no. 112.

[2] *See* docket no. 94.

[3] *See* docket nos. 101.

of a written letter to the court. The court indicated that if it found Mr. Starr's written response to be sufficient, no further action would be taken. At the same time, the court indicated that if it found Mr. Starr's written response to be deficient in any way, the court would schedule a show-cause hearing.

The court received Mr. Starr's written response within the ten-day time period set forth in the order to show cause. While the court does not view Mr. Starr's written explanation to be justifiable, the court does find it to be understandable. Accordingly, no further action will be taken.

That notwithstanding, the court must address the status of Defendant's appeal. Because of the confusion that existed between Defendant and Mr. Starr, the court construes the timely indications from both Mr. Starr[4] and Defendant[5] that Defendant wished to pursue an appeal as a timely notice of appeal. Accordingly, the court directs the Clerk of the Court to enter a clerk's notice of appeal nunc pro tunc.

Consistent with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules, Mr. Starr is directed to perfect Defendant's appeal with the Tenth Circuit. If Defendant wishes to have court-appointed counsel assist him with his appeal, Mr. Starr must obtain the necessary

---

[4] *See* docket no. 94.

[5] *See* docket nos. 101.

indigency finding from this court. After completing those duties, Mr. Starr may then move to withdraw in the Tenth Circuit.

**IT IS SO ORDERED**.

DATED this 11th day of May, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge